**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AUBREY KELLER,              ) | |
|                Plaintiff,    ) | |
| vs.                                    ) | Case No. 4:19-cv-02895-JAR |
| THE AMERICAN BOTTLING CO,   ) | |
|                Defendant.  ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Aubrey Keller's Motion for Remand. (Doc. 9.) Defendant The American Bottling Company opposes remand. (Doc. 10.)

## Background

Plaintiff, an Illinois resident, filed suit in the Circuit Court of St. Louis County, alleging that Defendant, for whom Plaintiff works in St. Louis County, failed to address Plaintiff's reports of racial discrimination, harassment, and retaliation against Plaintiff by his coworkers, in violation of the Missouri Human Rights Act ("MHRA"). (Doc. 6.) Defendant timely removed the case to federal court on the basis of diversity jurisdiction. (Doc. 1.)

Plaintiff now seeks remand, arguing that his claims do not meet the $75,000 jurisdictional amount for diversity jurisdiction. (Doc. 9.) In support, he offers a stipulation, signed only by counsel, that he will not seek more than $60,000 in damages. (Doc. 9-1.) Defendant argues that a stipulation from counsel is not binding on Plaintiff—or a jury—and that a favorable verdict for Plaintiff would entitle him to attorney fees that would "undoubtedly" total more than $15,000. (Doc. 10.)

1

## Legal Standards

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." 28 U.S.C. § 1441(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Federal district courts have original jurisdiction in civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party invoking jurisdiction bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Prempro*, 591 F.3d at 619 (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). The case will be remanded only "if it appears to a legal certainty that the value of the claim is actually less than the required amount." *Perma Glass Corp. v. Sasak Corp.*, 718 F. Supp. 742, 743 (E.D. Mo. 1989) (citation and quotations omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

"[S]tatutory attorney fees count toward the jurisdictional minimum calculation." *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) (*Crawford v. F. Hoffman–LaRoche, Ltd.,* 267 F.3d 760, 766 (8th Cir. 2001). The MHRA authorizes an award of "reasonable attorney fees to the prevailing party." Mo. Ann. Stat. § 213.111.2.

## Discussion

The Court concludes that Plaintiff has not shown to a legal certainty that the value of his claim is actually less than $75,000. As Defendant notes, counsel's stipulation states only that Plaintiff "is *seeking* no amount of damages in excess of $60,000." (Doc. 9-1 (emphasis added).) As the stipulation itself notes, $60,000 is the amount pled in Plaintiff's complaint; the Court does

not see how stipulating to the substance of the complaint has any legal effect. Moreover, that Plaintiff asks for less than the jurisdictional amount does not mean that less than the jurisdictional amount is in controversy. "Importantly, the issue is not whether the damages are in fact greater than $75,000.00, but whether a fact finder might legally conclude that they are." *Hughes v. Transwood, Inc.,* 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018).

This Court has previously granted remand based on plaintiffs' representations that the amount in controversy was less than $75,000, but not based on stipulations by counsel. *Bowen v. LM Gen. Ins. Co.*, No. 4:19 CV 931 JMB, 2019 WL 2372665, at *1 (E.D. Mo. June 5, 2019), provides a recent example. In that case, the Court had the benefit of a sworn affidavit, signed by the plaintiff, stating that she will not seek, ask for, or accept any amount of damages, including attorney fees, if any, in excess of $75,000.00, exclusive of interests and costs." *Id.* In other cases, this Court has denied remand but granted the plaintiff leave to submit "a binding stipulation, declaration or affidavit to this court that she *will not seek, ask for or accept* an amount of damages in excess of $75,000.00, exclusive of interest and costs, *signed by both plaintiff and counsel for plaintiff*." *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) (emphasis added). Counsel's stipulation that Plaintiff will not ask for more than $75,000 is different than Plaintiff's sworn promise not to accept more than $75,000. The Court finds that difference critical.

Further, counsel's stipulation does not address attorney fees. As noted, if Plaintiff prevails, he may be entitled to statutorily available attorney fees. Mo. Ann. Stat. § 213.111.2. The Court concludes that those fees are likely to be greater than $15,000. A survey of recent cases awarding attorney fees show a range of approved hourly rates, from as little as $240 to as much as $712.69. *See Rapp v. #1 A LifeSafer of Missouri, Inc.*, No. 4:19-CV-02796-SRC, 2020 WL 3077144, at *2

Case: 4:19-cv-02895-JAR   Doc. #: 11   Filed: 06/22/20   Page: 4 of 4 PageID #: 112

(E.D. Mo. June 10, 2020) ($400/hour); *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09-CV-01252 ERW, 2020 WL 870987, at *8 (E.D. Mo. Feb. 21, 2020) ($240 and $712.69/hour); *Hammer & Steel, Inc. v. Sky Materials Corp.*, No. 4:18 CV 1240 CDP, 2019 WL 5457468, at *6 (E.D. Mo. Oct. 24, 2019), *amended,* No. 4:18 CV 1240 CDP, 2019 WL 5789483 (E.D. Mo. Nov. 6, 2019) ($275 and $295/hour).  An attorney charging the low hourly rate of $240 would bill $15,000 in fees after only 62.5 hours of work.  The Court agrees with Defendant that it is difficult to imagine trying a jury case to a verdict in so short a time.

Moreover, it is not clear to the Court whether counsel's stipulated limitation includes Plaintiff's demand for punitive damages.  The stipulation refers back to the Petition, and describes $60,000 as "the amount pled" (Doc. 9-1), but the Petition lists $60,000 as damages and then, in a separate paragraph, states that he is entitled to punitive damages (Doc. 6 at ¶¶ 12, 13).  Plaintiff's reference to "the amount pled" is therefore even less clear.

Finally, Defendant identified the technical deficiencies in Plaintiff's stipulation when it filed its Response in Opposition to Remand on November 12, 2019.  (Doc. 10.)  Plaintiff has made no effort to address those objections in the several months since.

The Court therefore concludes that Plaintiff has not shown to a legal certainty that the amount in controversy is less than $75,000.  *Perma Glass Corp.*, 718 F. Supp. at 743.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Aubrey Keller's Motion for Remand (Doc. 9), is **DENIED.**

Dated this 22nd day of June, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4